

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-2008

# Kasim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kasim v. Atty Gen USA" (2008). *2008 Decisions.* Paper 857.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/857

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3179
_____

MOHAMAD KASIM,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-204-430)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2008
Before:  MCKEE, NYGAARD and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 10, 2008)
_____

OPINION
_____

PER CURIAM

Petitioner, Mohamad Kasim, petitions for review of a final order of removal issued

by the Board of Immigration Appeals ("BIA").  For the reasons that follow, we will deny

the petition.

Petitioner is a native and citizen of Indonesia and is ethnically Madurese. Petitioner entered the country at New York, New York, on approximately June 20, 2000, as a non-immigrant visitor with authorization to remain in the United States until December 20, 2000. On June 30, 2003, Petitioner was issued a Notice to Appear, which alleged that he was in the country without authorization. In response, he applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure.

In denying his claims on February 21, 2006, the Immigration Judge ("IJ") concluded that Petitioner's asylum application was untimely and that Petitioner had demonstrated neither that he had suffered past persecution nor that he had a well-founded fear of future persecution. The IJ further found that Petitioner had not satisfied the requirements for withholding of removal pursuant to § 241(b)(3)(A) or under the CAT. The IJ granted his application for voluntary departure. On June 20, 2007, the BIA affirmed the IJ's decision.

We have jurisdiction to review the final order of removal. 8 U.S.C. § 1252(a)(1). When the BIA issues a decision on the merits, we generally review only the BIA's order. See Li v. Att'y Gen., 400 F3d 157, 162 (3d Cir. 2005). Where the BIA adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We will sustain the determinations of the BIA and the IJ if they are supported by substantial evidence in

2

the record. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under the substantial evidence standard, we will uphold the determinations of the BIA and the IJ "unless the evidence not only supports a contrary conclusion, but compels it." Id. at 483-84.

In most cases, we have jurisdiction to review a final order of removal involving the denial of asylum. 8 U.S.C. § 1252(a)(1). However, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review any determination regarding the timeliness of an asylum application and the applicability of the exceptions. See Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). In Petitioner's case, the BIA affirmed on the basis of untimeliness; thus, we lack jurisdiction to review the denial of his asylum application.

Petitioner argues that the BIA erred in concluding that he failed to establish past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1231(b)(3)(A). To obtain withholding of removal, Petitioner must demonstrate a "clear probability" that his "life or freedom would be threatened" on account of one of the aforementioned grounds. Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005); 8 U.S.C. § 1231(b)(3)(A). If, however, Petitioner establishes that he suffered past persecution, it is presumed that his life or freedom would be threatened for purposes of withholding of removal. 8 C.F.R. § 1208.16(b)(1). The Government may then rebut this presumption by proving certain criteria by a preponderance of the evidence. See 8 C.F.R. § 1208.16(b)(1)(A)-(B).

Petitioner testified that, in 1998, while residing in the Kalimantan territory in

3

Indonesia, fights broke out amongst the tribes. As a result of the unrest in the territory, Petitioner testified that he and his wife fled to Malaysia, where they resided for six months. Petitioner and his wife then relocated to Jakarta, Indonesia's capital city, where they resided, without incident, for approximately one year. While residing in Jakarta, Petitioner worked as a bus conductor and as a construction worker and rented an apartment in the city. In June 2000, Petitioner left Indonesia to come to the United States after a friend informed him that life was better in the United States. Petitioner's wife continued to reside in Jakarta until January 2002, when she joined Petitioner in the United States. Petitioner testified that he did not want to return to Jakarta because, financially, he earns more money here. Petitioner also testified that his two siblings reside in Malaysia and his parents reside in Jakarta.

Upon review of the record, we conclude that the determinations made by the BIA are supported by substantial evidence. Persecution is defined as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Lie v. Ashcroft, 396 F.3d at 536 (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). The BIA concluded that the incidents Petitioner testified regarding were insufficient to satisfy his burden of demonstrating past persecution. We agree. None of the incidents of which Petitioner testified compels a conclusion contrary to the findings of the BIA.

Furthermore, the BIA's determination that internal relocation within Indonesia is a

4

reasonable alternative for Petitioner is supported by substantial evidence.  See 8 C.F.R.

§ 1208.16(b)(2); see also Gambashidze v. Ashcroft, 381 F.3d 187, 192 (3d Cir. 2004)

(stating the inquiry is whether the relocation would be successful and reasonable).

Petitioner previously resided and worked in Jakarta without incident, and Petitioner's

parents currently reside and work in Jakarta, seemingly, without any negative incidents.

Furthermore, Petitioner testified that his primary reason for wanting to remain in the

United States is not due to his fear of persecution in Jakarta, but because he earns more

money in the this country.  Given the deferential standard of review that governs, we will

not disturb the decision of the BIA.[1]

    For the foregoing reasons, we will deny Petitioner's petition for review.

---

[1]   While arguably waived, Petitioner does not allege any incidents or likelihood of torture, and, thus, cannot meet the criteria for relief under the CAT in any event.  8 C.F.R. § 208.16(c)(2).